USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9-27-18

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REGENLAB USA LLC,<br><br>Plaintiff,<br><br>-against-<br><br>ESTAR TECHNOLOGIES LTD., ECLIPSE AESTHETICS LLC, and HEALEON MEDICAL, INC.,<br><br>Defendants. | 16-cv-08771 (ALC)<br><br><u>**OPINION AND ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

On August 15, 2018, this Court ordered Defendant Estar to submit a declaration "either 'designat[ing] a suitable forum in which plaintiff could have brought suit' or stating that it is not subject to personal jurisdiction in any United States forum, in accordance with *Touchcom, Inc. v. Bereskin & Par*, 574 F.3d 1403, 1415 (Fed. Cir. 2009)." ECF No. 169. On August 27, 2018, Estar submitted a declaration attesting that, for the purposes of this litigation, it designates "the United States District Court for the Northern District of Texas as a suitable forum in which Plaintiff RegenLab USA, LLC could have brought suit on its claims as alleged in the Complaint." ECF No. 177. On September 14, 2018, Plaintiff responded in opposition to Estar's declaration, asserting that it cannot defeat federal long arm jurisdiction under Fed. R. Civ. P. 4(k)(2) because Estar must (1) identify a *state's* court of *general* jurisdiction, not simply a

federal court and (2) provide facts or independent bases upon which the Court could find personal jurisdiction. ECF No. 183. On September 18, 2018 Estar responded, asserting that by naming the Northern District of Texas it "has conceded that it is subject to jurisdiction in Texas on the claims alleged in RegenLab's Complaint" and that this Court's decision on Estar's motion to dismiss identified factual bases for personal jurisdiction in Texas. ECF No. 184.

I. **Whether Identification of the Northern District of Texas is Sufficient**

Jurisdiction under the federal long-arm statute is appropriate if, *inter alia*, "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009). As Plaintiff notes, some courts have held that designating a federal district court does not satisfy this standard because federal courts are necessarily "court[s] of limited jurisdiction." *Pharmachemie v. Pharmacia S.p.A.*, 934 F. Supp. 484, 488 (D. Mass. 1996); *accord Venmill Indus., Inc. v. ELM, Inc.*, 100 F. Supp. 3d 59, 69 (D. Mass. 2015); *CytoSport, Inc. v. Cytogenix Sports Lab., SRL*, No. 10-cv-700, 2010 WL 5418883, at *4 n.2 (E.D. Cal. Dec. 23, 2010) ("The federal court for the District of Columbia is, like all federal courts, a court of limited jurisdiction, so defendant has not managed to avoid the application of Rule 4(k)(2).").[1] Nevertheless, other courts have held that the Federal Circuit "only required that the defendant name a suitable 'forum' not a specific 'state.'" *Early Learning Resources, LLC v. Sebel Furniture Ltd.*, No. 10-cv-6335, 2011 WL 4593775, at *6 (D. NJ. Sept. 30, 2011) (No federal long-arm jurisdiction where Defendant stated

---

[1] The Court notes that in the aforementioned cases, the defendant identified the District of Columbia as the proper forum solely based on its status as a patent holder under 35 U.S.C. § 293. *See Pharmachemie*, 934 F. Supp. at 487-88; *Venmill Indus.*, 100 F. Supp. 3d at 69; *CytoSport*, 2010 WL 5418883, at *4 n.2. Since jurisdiction was predicated on a federal statute, not contacts with the state, the state's courts of general jurisdiction would have lacked jurisdiction.

it was subject to suit in the District of Columbia under 35 U.S.C. § 293 and consented to suit in Southern District of California).

In any event, Estar concedes that it is subject to personal jurisdiction in Texas' courts of general jurisdiction. ECF No. 184. The record reflects that such jurisdiction is proper. "Texas courts may exercise personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013) (internal citation and quotation marks omitted). Texas' long-arm statute "allows the exercise of personal jurisdiction over a nonresident defendant who commits a tort in whole or in part in this state." *Id.* (internal citation and quotation marks omitted). Estar admits that it "ships the accused Eclipse PRP products to Eclipse, in Texas." ECF No. 173 at 5; *accord id.* at 7-9, 11. Shipping those products allegedly violates Plaintiff's patent, which would constitute a tort committed in the state. *See Moncrief Oil*, 414 S.W. at 149. Estar's direct shipments to Texas also appear sufficient to satisfy state and federal due-process guarantees. *See* ECF No. 169 at 24.

## II. Whether Additional Facts are Required

Plaintiff next contends that Estar must provide some fact or independent basis upon which the Court could properly find jurisdiction in Texas. Yet the Federal Circuit appears to have made no such requirement. *See Touchcom*, 574 F.3d at 1414 ("A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed.").

Plaintiff relies on *Meriel Ltd. v. Cipla Ltd.*, 631 F.3d 1283 (Fed. Cir. 2012) for the proposition that simply naming a state is insufficient. However, the *Meriel* court's decision

rested not on the defendant's failure to provide a factual basis for jurisdiction, but on the fact that jurisdiction in that forum would clearly not have been appropriate. *See Meriel*, 681 F.3d at 1294-95 ("[A] defendant . . . challenging a prior default judgment may not do so by naming another forum that would not have had an independent basis for jurisdiction at the time of the original complaint.").

Here, Estar states that it may be subject to suit in the Northern District of Texas, and the record reflects that Texas' state courts of general jurisdiction appear to have personal jurisdiction. Accordingly, the Court determines that exercising jurisdiction under the federal long-arm statute would be inappropriate. Estar's motion to dismiss for lack of personal jurisdiction is GRANTED. The Clerk of Court is kindly requested to terminate the motion at ECF No. 135.

**SO ORDERED.**

Dated: September 27, 2018
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**